UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY PRINCE MCGOWAN, #727389,

       Petitioner,

v.                                           CASE NO. 2:13-CV-12960
                                           HONORABLE PAUL D. BORMAN

LLOYD RAPELJE,

       Respondent.

_____/

### OPINION AND ORDER DISMISSING DUPLICATIVE HABEAS CASE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Bobby Prince McGowan ("Petitioner") challenges his convictions for first-degree murder, assault with intent to murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony, which were imposed in the Oakland County Circuit Court in 2011. Petitioner claims that he was denied the effective assistance of trial counsel.

Petitioner has already filed a habeas action challenging the same convictions with this Court, which is pending before another district judge. *See McGowan v. Rapelje*, Case No. 13-CV-12636 (Cohn, J.). Accordingly, the instant action must be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v.*

*Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted).  Such is the case here.  In fact, it appears that Petitioner was attempting to file additional copies of his habeas petition to correct a filing deficiency, but the documents (which did not include the existing case number) were filed as a new case.  In any event, because Petitioner challenges the same convictions in both petitions and raises the same claims, the Court will dismiss this second action as duplicative.  *See Harrington v. Stegall,* No. 02-cv-70573, 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *Colon v. Smith*, No. 99-74565, 2000 WL 760711, *1, n. 1 (E.D. Mich. May 8, 2000); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (court may dismiss habeas case as duplicative of pending case when the second petition is essentially the same as the first).

Accordingly, the Court **DISMISSES** the instant case as duplicative.  This dismissal is without prejudice to the habeas petition filed in Case No. 13-CV-12636.  The Court further **DIRECTS** the Clerk's Office to re-file the pleadings submitted for this case in Case No. 13-CV-12636.  This case is closed.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if reasonable jurists would find it debatable whether the petitioner states a

2

valid claim of the denial of a constitutional right, and reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be take in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.


s/Paul D. Borman_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2013.


s/Deborah Tofil_____
Case Manager